Mr. Larimore is asking this court to send the case back to the circuit court for two things. First, to make a determination of the correct fines and fees to be assessed, and then second to determine the number of days Mr. Larimore spent in pre-sentence custody on this case. I'd like to address the fines and fees first. I think they're a little more straightforward. It's clear from this court's decisions in cases like Hunter and Williams that the clerk of the court is not authorized to impose fines and fees unilaterally, and that's what happened here. There's no order, either oral or written, from the trial court assessing any fines and fees. And so for that reason, it's got to go back. And the state actually agrees that the remand is proper based on the fines. The state argues that under the 4th District's decision in People v. LaRue that the clerk can unilaterally impose fees. That case does not stand for that proposition. It doesn't give the clerk carte blanche to impose fees. What happened in LaRue is that the court ordered the cost of prosecution be assessed, and so the clerk was simply carrying out the court's directive in actually assessing fees in that case. So here where there is no judicial authorization for the fines and fees under Hunter, it's got to go back. When it goes back, I suggest that there are a number of problems with the fines and fees that were actually in the clerk's assessment. Here the state acknowledges a couple of them, that the Violent Crime Victims Assistance Fund was problematic, that there are some issues with the state police fines, that there are a number of them, and why there are duplicates is sort of a mystery. There's also a surcharge that's listed at $32.50. From my reading of the statute authorizing it, it should only be in increments of $10. So how we get $32.50 is another mystery. And then the other thing about fines and fees, Mr. Larry Moore was not given credit for the $5.00 per day toward the applicable fines like the court fund, the drug court fund, the Violent Crime Victims Assistance Fund. So he needs to go back for that in terms of the fines and fees to make sure he gets the $5.00 per day. That leads to the other issue about his pre-sentence custody credit. We need a determination of how many days exactly he spent in custody prior to his sentencing in this case. Orally the judge ordered two days, August 4th and 5th, but then on the minimus there's credit for 37 days. And the state says that 37 days is enough. And all I'm suggesting is that there's a question in the record of whether there should be actually more than 37. I think the first place to look is the fact that Mr. Larry Moore was arrested on November 13th, 2012, just prior to sentencing. There's an arrest warrant in the record, common law record at page 37, showing he was arrested a couple of days before the ultimate sentencing before the minimus was issued. So there's two days right there that are unaccounted for. In our briefs and in the supplemental briefs we point out a couple of other instances. He was arrested in Peoria County a couple of times on some driving issues. The record from the Peoria County Jail shows that he may have been in custody a couple of other times. And whether those arrests were related to this case or whether they were on another matter isn't clear from the record. So I think the Circuit Court would There's a question of whether on these other unrelated matters, the driving cases for example, whether Mr. Larry Moore's bond was surrendered such that under this Court's decision in Centeno he should receive credit. If his bond was exonerated he gets credit under the Supreme Court's decision in You've raised the ineffective assistance counsel on this appeal, but is there any indication at all, anywhere, that counsel was aware of these other incarcerations? That's a factual question that I'm asking the Court on remand to look into. I can't say for sure on this record whether counsel knew of it, didn't know of it, should have done it, shouldn't have surrendered the bond. It's just a matter of sending it back to determine what happened and It may very well be that counsel didn't know about it, in which case there wouldn't be an ineffective assistance issue. See, that's an interesting question. If you raise it here at this point, doesn't there have to be a showing of something before we do something about that? Or do we say, well, through conjecture and speculation, there might be a problem, so we'll remand it for determination? Well, that's what the Fourth District did in Elder, and I'm just asking this Court to send it back just because it's not 100% clear. It should be clear. We should know how many days a defendant's been in custody, and he's entitled under the statute to receive credit toward his sentence on those. So if there's a possibility that he's not getting enough credit, and the other thing, though, is it's already going back for fines and fees to be adjusted, and we're just asking that while it's back, that the Court also address his pre-sentence custody credit. I'm not talking about, I'm talking about the ineffective assistance of counsel aspect. Sure. And again, it's all really part and parcel of not knowing exactly how many days of credit to which he's entitled. And under Centeno, if he didn't exonerate the bond, and if counsel knew about these other arrests, then Mr. Laramore should receive credit. And again, it's really a matter of not being able to know. And I understand your point about presenting a record, but I think the record is unclear, and that's why under Elder, the best course of action here would be to remand for the circuit court to look into this. Any other questions? No, if there's no other questions, I will just go ahead and ask this Court to remand to make the determination about fines and fees and pre-sentence credit. Thank you. Thank you, Mr. Wolofsky. Ms. Duffy? Good afternoon, Your Honors. Good afternoon. As to the fines and fees issue, I think Mr. Wolofsky is incorrect when he says that the clerk does not have authority to assess fees. I also cited the Fourth District case, People v. Warren, which does specifically say the circuit clerk has authority to assess certain fees. I've laid them out in my brief. I've cited the statute and the case law that says that that is so. In this case, those assessments total $557, which the clerk had authority to assess. Those assessments are not void. If they are not void, why would you remand those? As to the other fines, statutory fines, I agree there's not sufficient reason to uphold the fines, but the fees assessed by the clerk, our position is, are not void and should be affirmed by this Court. As to the time the defendant is entitled to for pre-sentence credit, the written judgment of the Court gave him credit, pre-sentence credit, from June 1st. He was sentenced from June 30th, 2011 to August 5th of 2011, and then again he showed up in court on November 15th of 2012, he was sentenced on that date. The Department of Corrections information shows that this case, I appended it to my brief, midway down page 2, we have this case, 2011 CF 681. It shows that the Department of Corrections gave him a custody date of October 7th, 2012, which is over a month prior to his sentencing date in this case. Also, on October 7th of 2012, the Department of Corrections shows that he was in custody for clause number 2012-1197. So he received from the Department of Corrections credit for simultaneous custody. Above and beyond that, we have no record of when the defendant might have been in additional custody. He relies on something he appended to his brief, and I think his supplemental brief, saying that he may be entitled to more. Well, the record doesn't show that he is, and what he appended to his brief, the sheet that purports to be a case report, it is not authenticated by anyone, it's not certified by anyone. I see in the upper right-hand corner, it purports to be from the Fulton County Sheriff's Department. I don't know what this is. I don't know that this shows he is entitled to any more credit than what he's already received. As to the $5 a day credit for that, as argued in Issue 2, when it is an assessed fee, properly assessed by the clerk, the defendant, by statute, is not entitled to a $5 a day credit for his fees, only towards his fines. And that's all I have, unless you have any questions. Thank you, Your Honor. Mr. Walowski for reply. Just a couple of very brief points. This Court's decision in Hunter makes clear fines and fees are treated the same in terms of the clerk not being able to impose them without some sort of judicial order, and there wasn't one here, so it's got to go back on their own. As far as the credit, the Fulton County Jail record that we appended, we asked the Court to take judicial notice just because it is a public document, it came straight from the Sheriff's Office. And I'm not using that to say Mr. DeLaramore is entitled to a certain number of days. Again, all we're doing is saying there's a question, and under Elder, let's just send it back to have the Court make sure that he's getting all of the time to which he is statutorily entitled. So for those reasons, I would ask this Court to remand the case for the determination of fines and fees and re-sentence credit. Thank you. Thank you both for your arguments here today. This matter will be taken under advisement, and a written decision will be issued to you as soon as possible. And right now, we'll stand at recess for a short time for a panel discussion.